### BULWINKLE & CO. v. CRAMER & BLOHME.

1. Where a deposition, taken after due notice, is in writing and signed with the name of the witness, and a statement that it was signed and sworn to by such witness, is signed with the name and title of the notary named in the notice, and a seal is attached, and such deposition is received, sealed up, in due course of mail by the clerk of court, and no evidence is introduced as to the deposition, there is a substantial compliance with the act which requires that the deposition shall be reduced to writing by the officer or witness, and shall be retained by said officer until it, together with the certificate of the reasons for taking it, shall be by him sealed up and directed and forwarded by mail to the proper court—the original notice, which gave those reasons, being attached to the deposition.
2. This case distinguished from *Featherston* v. *Dagnell*, 29 S. C., 45.

Before NORTON, J., Charleston, June, 1888.

The opinion fully states the case.

*Mr. J. F. Ficken*, for appellants, cited 18 *Stat.*, 373; 5 *Biss.*, 102; 1 *Cranch C. C.*, 523, 451; 2 *Id.*, 195, 235; 15 *Wall.*, 161; 4 *Wash. C. C.*, 219; *Hemp.*, 689; 1 *Peters*, 351; 4 *McLean*, 240; 7 *How.*, 693; 5 *Peters*, 617.

*Messrs. Simons & Cappelmann* and *J. H. Nathans*, contra, cited 2 *Cranch C. C.*, 31, 198, 259, 335; 7 *Fed. Rep.*, 49.

February 14, 1889. The opinion of the court was delivered by MR. CHIEF JUSTICE SIMPSON. The question presented for our consideration in the appeal in this case is, whether the Cir-

cuit Judge erred in permitting the deposition of one P. B. Reed, taken in behalf of the defendants *de bene esse,* to be read as evidence in the case.

The plaintiff objected to the reading of this testimony on the following grounds : First. Because it did not appear from the certificate of the officer who took the deposition that it was taken in conformity with all the regulations of the "act to provide for the taking of depositions *de bene esse* in civil actions," approved December 22, 1883.   Second. Because it did not appear from said certificate that the deposition was reduced to writing by the officer who took the same, or by said witness in said officer's presence, and by no other person.    Third. Because it did not appear from said certificate that said officer retained said deposition in his own hands until it, together with the certificate of the reasons for taking, was by him sealed up and directed and forwarded by mail or express to said court.    The court held these objections not well taken, and allowed the deposition to be read in evidence, to which plaintiff excepted.    The verdict was for the defendant, and the plaintiff appealed upon the three grounds above as to the admission of the deposition, and that his honor erred in holding that there had been a substantial compliance with the act of 1883, *supra,* as to depositions *de bene esse.*

The act of 1883, *supra,* provides for the taking of depositions *de bene esse* in civil actions in the Court of Common Pleas, where the witness lives without the county in which the case is to be tried, or at a greater distance from the place of trial than one hundred miles, or is bound on a voyage to sea, or is about to go out of the county in which the cause is tried, or at a greater distance than one hundred miles from the place of trial before the time of trial, or when he is aged or infirm, before certain officials named therein and upon reasonable notice not less than ten days, &c., or if there be urgent necessity, &c., upon such notice as any Circuit Judge of this State shall direct, &c.    It further provides that every person deposing as aforesaid shall be cautioned and sworn to testify the whole truth, and carefully examined ; that his testimony shall be reduced to writing by the officer taking the deposition, or by himself in the officer's presence, and by no other person, and shall, after it has been reduced to writing, be sub-

scribed by the deponent. And further, that every such deposition thus taken shall be retained by the officer taking it, until he delivers it with his own hand into the court for which it is taken, or it shall, together with a certificate of the reasons as aforesaid of taking it and of the notice, if any given to the adverse party, be by such officer sealed up and directed to such court, and forwarded to such court, either by mail or express, and remain under his seal until opened by the court, &c. *Act* 1883, 18 *Stat.*, 373.

It appeared that the sealed package when opened contained the deposition, signed by Peter B. Reed, with the subscription: "Sworn and subscribed to before me at Atlantic City, N. J , this the ninth day of March, A. D. 1888. Jos. Thompson, Notary Public, [L.S.]" Headed with the words:

"THE STATE OF SOUTH CAROLINA, } *In the Court of*
      "Charleston County.         }      *Common Pleas.*

"HENRY BULWINKLE and J. H. HAESLOOP, copartners doing business under the firm name of H. Bulwinkle & Co., Plaintiffs,
                                *against*
A. F. C. CRAMER and J. C. BLOHME, copartners doing business under the firm name of Cramer & Blohme, Defendants,"
with this statement following, to wit: "Examination of P. B. Reed, *de bene esse*, a witness in the above stated cause, pursuant to notice hereto annexed, before Joseph Thompson, a notary public, at No. 1122 Atlantic avenue, in Atlantic City, State of New Jersey, on Friday, March 9th, 1888, in the presence of James P. Nixon, of counsel, with Simons and Cappelmann, attorneys for the above defendants, no one appearing for the plaintiffs."

The notice referred to was as follows, after the title of the case, &c. : "To Messrs. Hayne & Ficken, attorneys at law, and attorneys for plaintiff.

"Please take notice that we will, at Atlantic City, in the State of New Jersey, before Joseph Thompson, a notary public, at his office, No. 1122 Atlantic avenue, in said city, at the hour of eleven in the forenoon on Friday, the 9th day of March, 1888, and on such other days as the said notary public may adjourn to, take the testimony by deposition *de bene esse* of P. B. Reed, a witness produced and examined on behalf of the defendants in the above

case, the said witness living without the county of Charleston, where this cause is to be tried, and also living a greater distance than one hundred miles from the city of Charleston, the place of trial of this cause, at which time and place we will be pleased to have you attend and cross-examine said witness.

"Yours truly,
"(Signed)       SIMONS & CAPPELMANN,
"Defendants' Attorneys.
"Charleston, S. C., Feb'y 27th, 1888."

The first exception interposes objection to the admission of the deposition, on the ground that it did not appear that said testimony was taken in conformity with all the regulations of the act to provide for the taking of depositions *de bene esse* in civil actions depending in the Court of Common Pleas in this State, approved December 22, 1883. This exception we think is too general. It is remedied, however, by the 2nd and 3rd, in which are found the specifications under this general exception, to wit: that it did not appear that said deposition was reduced to writing by the officer who took the same, or by the said witness in said officer's presence, and by no other person; and 2nd, that it did not appear that the officer taking the deposition retained it in his own hands until he delivered it into court, or that said deposition, together with a certificate of the reasons for taking it, was by said officer sealed up and directed to said court and forwarded to said court by mail or express.

It is true, the act of 1883 requires that the deposition shall be reduced to writing, &c., as mentioned in specification one, but there is nothing in the act which prescribes the mode of authenticating, or of making it appear to the court that this requirement has been complied with. The act does not say that the officer taking the deposition shall give a certificate of this fact, or that it would be sufficient if he gave one. The act is silent on this subject. Under such circumstances we think where the depositions come to the court by mail, with a statement like that heading the deposition here, *supra*, said deposition signed in the name of the witness, and a subscription signed in the name of the notary public, to the effect that the said witness had sworn to and subscribed the deposition, that it would sufficiently appear

that the act in this respect had been complied with. Otherwise we do not see how the facts suggested could be made to appear, without a regular examination of testimony directed to that end, which certainly the act never intended should be required.

The same may be said in reference to the 2nd specification, to wit, that the officer retained the deposition in his own hands until he delivered it to the court, or mailed or expressed it under seal, with a certificate of the reasons for taking it. We cannot suppose that the legislature intended by the provision that the deposition shall be retained in the hands of the officer until, &c., &c., &c. ; that when it is received by mail or express under the seal of the officer, that before it can be opened it shall be made to appear by outside testimony that it had thus been retained by the officer. If the objecting party could make it appear that it had not thus been retained, it would be fatal ; but we think that in the first instance the package coming to the court by regular mail or by express, the *prima facies* is sufficient to warrant the opening and the reading, unless successfully attacked on the ground mentioned, or some other.

Another objection is, that it did not appear that said deposition, together with a certificate of the reasons for taking it, was by the officer sealed up and directed to said court, and forwarded by mail or express. The act requires that in the absence of a personal delivery by the officer, he shall seal it up, enclosing a certificate of the reasons for taking it, and mail or express to the court. It certainly appeared here that the officer, a notary public in New Jersey, did mail these depositions to the proper court in Charleston under his seal. At least, we think the court, with the papers before him, was warranted *prima facie* to believe that it had thus been done. Did it contain the proper certificate of the reasons for taking the testimony required by the act when the depositions are sent by mail or by express ? This seems to us to suggest the only informality, or irregularity, about which a doubt could arise in the appeal. The certificate is not in form as required by the act. The reasons for taking the depositions are not stated in terms, nor in the form of a regular certificate: The notice, however, is appended, and in that it is stated that the witness lives without the county of Charleston, and at a greater

distance than one hundred miles from said city, and that his depositions will be taken at Atlantic City, at a certain date, *de bene esse.*   And the officer certifies in substance, that it was thus taken.   Taking these two together, we think with his honor, Judge Norton, that there was a substantial compliance with the act, in so far as stating the reasons for the depositions are concerned, and generally.   The authorities relied upon by the appellant apply to the act of congress of 1789, where depositions could be taken *ex parte.*   Since that act has been amended by act 1872, requiring notice to the adverse party, the rigid rule before enforced has been much relaxed.   See *Egbert* v. *Citizens' Insurance Co.* (7 Fed. Rep., 47), in which *Walsh* v. *Rodgers* (13 How., 283) is discussed.   But in our act 1883, which is under discussion, the authorities elsewhere involving the consideration of other acts are not applicable.

The case of *Featherston* v. *Dagnell* (29 S. C., 45) is the only case in which the act of 1883 has been before us.   In that case the Circuit Judge declined to receive the depositions, and he was sustained by this court.   There a trial justice had taken the depositions, and he certified "that the enclosed is the testimony taken by him as trial justice in the case of Featherston, assignee, against Dagnell *et al.*   (Signed)   T. R. L. Wood, trial justice, S. C."   This was all.   The testimony was excluded on two grounds : 1st. That the certificate was not sufficient ; and, 2d, that there was nothing to show that the witness at the time of the trial was dead, or gone out of the county, &c.   We think there was a wide difference between that case and this.   The certificate of the trial justice afforded no facts or statement from which the court could infer, in any way, the reasons for taking the depositions, nor were there any statements in the paper showing such reasons ; and, besides, the question was raised whether the witness was dead, or out of the county at the trial.   This is not an exception in the case before us.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.